[Cite as *State v. Wilson*, 2015-Ohio-3611.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.   26558 |
| | : | |
| v. | : | T.C. NO. 12CRB00932 |
| | : | |
| JOSHUA J. WILSON | : | (Criminal Appeal from |
| | : |  Municipal Court) |
| Defendant-Appellee | : | |
| | : | |
| | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the ___4th___ day of ____September____, 2015.

. . . . . . . . . . .

KENT J. DEPOORTER, Atty. Reg. No. 0058487, 7501 Paragon Road, Dayton, Ohio 45459
        Attorney for Plaintiff-Appellant

L. PATRICK MULLIGAN, Atty. Reg. No. 0016118, 28 N. Wilkinson Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1}  The State appeals from a judgment of the Kettering Municipal Court, which sealed the record of Joshua Wilson's conviction for criminal trespass immediately following his sentencing.  The State contends that, pursuant to R.C. 2953.32, Wilson was required to wait one year from his misdemeanor conviction before applying to have

the record sealed.

{¶ 2} For the following reasons, the judgment of the trial court sealing the record of Wilson's conviction will be vacated.

{¶ 3} Sometime prior to December 30, 2014, Wilson, age 19, was found guilty of criminal trespassing, a misdemeanor of the fourth degree, following a bench trial. According to the State's brief, Wilson had stolen some building materials from a construction site; neither the charging instrument, the judgment of conviction, nor the transcript of the bench trial is part of the record before this court.

{¶ 4} On December 30, 2014, Wilson was sentenced; he was fined $100, and the fine was suspended. The prosecutor was not present at sentencing. Immediately after the sentence was announced, and apparently before any final judgment entry was filed, the judge stated:

Court: Counsel, could I see you for just a second please? Rob [court officer], we're gonna need to, after you take that out, hold on just a second right there. You have something coming in?

Counsel: Yeah, might be here already.

Court: That's alright. When you're done, you need to go to the Clerk's office. Tell the girls at the assignment first that I had told you to ask them to run copies of that motion that's coming in.

Counsel: Okay.

Court: Take it to the Clerk's office, then after this has been processed through, and then Rob, we're going to bring him back into Court. They're filing a motion to expunge, then I'm gonna do it immediately. He's

got something coming in by fax that he's gonna check to see if it's come in.

So, at some point, I'm gonna need that file back is my point.

Rob Smith (Court officer):   I'll bring it right back.

Court:        Okay, thank you both.

When the judge went back on the record a short time later, he stated, "Court finds the request to seal record of conviction well taken, and grants the same."

{¶ 5}  A judgment entry reflecting the court's decision to seal the record was filed the same day, December 30, 2014.   It incorrectly stated that Wilson had been acquitted; it further stated that "all official records pertaining to this case shall be sealed and all indexed references thereto shall be deleted * * *."   On January 7, 2015, the trial court filed an Amended Entry which referenced the sealing of the record and provided:

> Further, the Court finds that the [case] qualifies for expungement pursuant to §2953.31(A) of the Ohio Revised Code; that there is no pending proceeding against Defendant; that Defendant's rehabilitation has been attained to the satisfaction of the Court, and that the sealing of the record of Defendant's conviction is consistent with the public interest.

The amended entry also differed from the original entry in that it did not refer to an acquittal, and the list of agencies upon which the order was to be served was more extensive and somewhat more specific than the original order.

{¶ 6}  On January 13, 2015, the State filed a notice of appeal, asserting that Wilson's application to seal the record of his conviction had been improperly granted because R.C. 2953.32 provides that an offender convicted of a misdemeanor is not eligible for sealing of his record until one year after his "final discharge."   The State also

asserts that neither Wilson nor the court notified the State of the application to seal before it was addressed by the court, which deprived the State of its opportunity to object to the court's action.

{¶ 7} Wilson has not filed a responsive brief in the State's appeal.

{¶ 8} R.C. 2953.32(A)(1) states:

> * * * [A]n eligible offender may apply to the sentencing court if convicted in this state * * * for the sealing of the record of the case that pertains to the conviction. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

R.C. 2953.31(A), which is cited by the trial court in the amended entry, contains the definition of an "eligible offender," and particularly relates to how many convictions will render one ineligible for consideration for sealing a record.

{¶ 9} The language of R.C. 2953.32 makes clear that the trial court was not authorized to consider Wilson's motion to seal his record simultaneously with or immediately after his conviction; Wilson was not eligible for such relief until one year after his "final discharge." Moreover, regardless of whether Wilson served his motion on the State,[1] the trial court was required under R.C. 2953.32(B) to "set a date for a hearing and * * * [to] notify the prosecutor for the case of the hearing on the application," whereupon the prosecutor was permitted to file objections prior to the hearing. The court also failed

---

[1] The State asserts that Wilson did not serve it with a copy of his motion, and the transcript indirectly supports this assertion, but the motion itself is not part of the record before this court.

to comply with this requirement.  For these reasons, the trial court erred in granting Wilson's application to seal the record of his conviction for criminal trespass.

{¶ 10}  The assignment of error is sustained.

{¶ 11}  The judgment of the trial court sealing the record of Wilson's case will be vacated.

. . . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Kent J. Depoorter
L. Patrick Mulligan
Hon. James F. Long